UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-133(DSD/TNL)

United States of America,

       Plaintiff,

v.                                  **ORDER**

Ricardo Cervantes-Perez,

       Defendant.

     This matter is before the court upon the motion by defendant Ricardo Cervantes-Perez for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  On August 21, 2012, Cervantes-Perez pleaded guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  The court sentenced Cervantes-Perez on November 12, 2012, to the mandatory minimum term of imprisonment of 120 months, followed by five years of supervised release. Cervantes-Perez now moves for a reduction in his total sentence pursuant to Amendment 782 of the United States Sentencing Guidelines.  The government opposes the motion on the ground that the statutory mandatory minimum precludes application of the amendment in this case.  The court agrees.

     The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range.  18 U.S.C. § 3582(c).  In 2014, the Sentencing Commission promulgated Amendment 782, which retroactively reduces the base offense level

for many drug offenses by two levels.  See U.S.S.G. §§ 1B1.10, 2D1.1(c); id. app. C, amend. 782.  The two-level reduction is not applicable, however, where, as in this case, the sentence was imposed pursuant to a statutory mandatory minimum term of imprisonment.  See U.S.S.G. § 1B1.10, Application Note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) ... if ... the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of ... a statutory mandatory minimum term of imprisonment[.]"); see also id. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); United States v. Golden, 709 F.3d 1229, 1233 (8th Cir. 2013) (rejecting application of a similar amendment under § 3582(c) because "the existence of a statutory minimum always imposes a boundary on the bottom of an offender's guideline range").

   In the same motion, Cervantes-Perez also asks for appointment of counsel.  However, a defendant has no Sixth Amendment right to counsel in a § 3582(c) proceeding.  United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).  The court declines to appoint counsel, given the straightforward nature of the issue.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) [ECF No. 46] is denied.

Dated: July 27, 2016

                                                s/David S. Doty  
                                                David S. Doty, Judge  
                                                United States District Court